```
           IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS AND ST. JOHN

UNITED STATES OF AMERICA,       )
                                )
             Plaintiff,         )
                                )    Mag. No. 2008-07
v.                              )
                                )
ALEXANDER NABIH KANAWATI,       )
ANDRES RODOLFO PARKER WEIN,     )
and JAVIER EDUARDO MIGUEL       )
WESTERHAUSEN,                   )
                                )
             Defendants.        )
_____)
```

**ORDER**

This matter came before the Honorable Geoffrey W. Barnard, United States Magistrate Judge, on Wednesday, March 26, 2008, for detention hearings pursuant to 18 U.S. C. § 3142.  The defendants are charged in a two-count information with violating Title 18 U.S. C. sections 2, 7(1),7(7) and 113(a)(2) and Title 18 U.S. C. sections 2, 7(1),7(7) and 113(a)(5).  The Government was represented by Jason Cohen, Assistant United States Attorney, the defendant Alexander Nabih Kanawati ("Kanawati') was  represented Jesse Gessin, Assistant Federal Public Defender; the defendant Andres Rodolfo Parker Wein ("Wein"), was represented by George H. Hodge, Jr., Esq. and the defendant Javier Eduardo Miguel Westerhausen ("Westerhausen"), was represented by Judith Bourne, Esq.

The Government did not present any testimonial evidence, but proffered the affidavit of Jackson Purkey, Special Agent, Federal

USA v. Kanawati, et al
Mag. No. 2008-07
Page 2 of 6

Bureau of Investigation.

Mr. Jose D. Perez, was presented as a third-party custodian for defendant Westerhausen. Mr. Perez testified that he is a cousin to defendant Westerhausen and lives in Puerto Rico. He testified that he has never met defendant Westerhausen, but that he did meet the defendant's mother before they both had any children. He further testified that although the families live in different countries, they still maintain contact with each other and that his son attended a wedding in El Salvador. Mr. Perez further testified that the defendant is attending college in El Salvador and is studying marketing and is expected to work in the family enterprise.

Mr. Perez further testified that he is a civil engineer and has his own business that employs more than one hundred people with gross revenues of "eight figures." He testified that the defendant can work as an apprentice at his construction firm while he awaits the disposition of this case. He further testified that he is married with three children, one of whom still lives at home. Mr. Perez testified that there is room for the defendant to stay at his home or that he can stay in an apartment that is about eight minutes away.

Finally, Mr. Perez testified that he is willing to ensure that the defendant appears for all court appearances here in St.

USA v. Kanawati, et al
Mag. No. 2008-07
Page 3 of 6

Thomas; that he is willing to report to the court if the defendant violates any of the conditions of his release and if the defendant stays with him, he will have to follow all conditions imposed. Mr. Perez also testified that would be willing to post any bond that the court may impose.

The Court also heard testimony from Mr. Rodolfo Parker Soto, the father of defendant Wein. Mr. Soto testified that he is an attorney and congressman and is the vice-president of the Congress in El Salvador and that he is the President of the Committee of Women and Children. Mr. Soto testified that his son is studying law and is in his third year of law school; that he has two and one-half years to complete his studies; that he is one of the top three students in his class and that he works with him at his law firm.

Mr. Soto further testified that if the defendant misses more than ten days of classes, he would not be allowed to complete the semester and would have to repeat a year of classes if he misses this semester as many of the classes are required prerequisites. Mr. Soto further testified that he would be willing to post $100,000 cash bond, if the defendant is allowed to return to El Salvador and that he would be the defendant's third-party custodian. He further testified that if the court would not allow the defendant to leave St. Thomas, that his

USA v. Kanawati, et al
Mag. No. 2008-07
Page 4 of 6

mother would be arriving in St. Thomas this evening, Wednesday, March 26, 2008, and that he would be willing to rent an apartment and have the defendant reside in St. Thomas with his mother as the defendant's third-party custodian upon the posting of a cash bond.

The Court heard testimony on behalf of defendant Kanawati from Norma Kanawati, his mother.  Mrs. Kanawati testified that she is a housekeeper and resides with her husband and children, the defendant and a daughter, Elizabeth in El Salvador.  Mrs. Kanawati testified that the defendant is a U.S. citizen, is an architectural student and works part-time with his father fabricating furniture.  She further testified that the defendant does not present a risk of flight.

The defense also presented testimony from Elizabeth Kanawati. She testified that she is the defendant's sister, that he will be twenty-three years in May, that he is not a danger to the community and is not a flight risk.

Title 18 U.S.C. § 3142 authorizes the court to detain a defendant if the court is convinced that there exists a serious risk that the defendant will flee the jurisdiction and there are no conditions that will assure the defendant's appearance at future proceedings. The court notes that the defendants each presented viable third-party custodians.  However, the court is

USA v. Kanawati, et al
Mag. No. 2008-07
Page 5 of 6

especially concerned that defendants are citizens of El Salvador, which does not have an extradition treaty with the United States of America and, although two of the defendants are willing to post bond as the court determines, the court finds, in light of the facts of the case, that the defendants present a risk of flight.  Further, the court notes that the defendants, with the exception of defendant Kanawati, do not have any ties with the United States or the Virgin Islands.

On the evidence presented, the Court finds that the defendants present a risk of flight and there is no condition or combination of conditions that would ensure that the defendants would not flee the jurisdiction if granted pre-trial release. Accordingly, it is hereby

**ORDERED** that the defendants will be held to answer in the District Court of the Virgin Islands to the charges of violating Title 18 U.S. C. sections 2, 7(1),7(7) and 113(a)(2) and Title 18 U.S. C. sections 2, 7(1),7(7) and 113(a)(5); it is further

**ORDERED** that the defendants will be detained, without prejudice, and will be committed to the custody of the United States Attorney General for confinement in a Corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; it is further

USA v. Kanawati, et al
Mag. No. 2008-07
Page 6 of 6

**ORDERED** that on order of the Court or on request of the United States Attorney, the Warden of the Bureau of Corrections will deliver the defendants to the United States Marshal for the purpose of appearance in connection with court proceedings; and it is further

**ORDERED** that the defendants will be allowed reasonable opportunity for private consultation with their counsel.

DATED: March 31, 2008                /s_____
                                             GEOFFREY W. BARNARD
                                             U.S. MAGISTRATE JUDGE

**ATTEST:**
Wilfredo F. Morales
Clerk of Court