**FOR PUBLICATION**

```
        IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
            DIVISION OF ST. THOMAS AND ST. JOHN
                                    )
UNITED STATES OF AMERICA,           )
                                    )
            Plaintiff,              )
                                    )   Mag. No. 2008-7
       v.                           )
                                    )
ALEXANDER NABIH KANAWATI, ANDRES    )
RODOLFO PARKER WEIN, and JAVIER     )
EDUARDO MIGUEL WESTERHAUSEN,        )
                                    )
            Defendants.             )
_____)
```

**ATTORNEYS:**

**Jason T. Cohen, AUSA**
St. Thomas, U.S.V.I.
   *For the plaintiff.*

**Pamela L. Colon, Esq.**
St. Croix, U.S.V.I.
   *For defendant Alexander Nabih Kanawati.*

**George H. Hodge, Jr., Esq.**
St. Thomas, U.S.V.I.
   *For defendant Andres Rodolfo Parker Wein.*

**Andrew L. Capdeville, Esq.**
St. Thomas, U.S.V.I.
   *For defendant Javier Eduardo Miguel Westerhausen.*

<u>MEMORANDUM OPINION</u>

**GÓMEZ, C.J.**

Before the Court is the motion of defendant Eduardo Miguel Westerhausen ("Westerhausen") for revocation or amendment of the Magistrate Judge's pretrial detention order, entered on March 31,

*United States v. Kanawati, et al.*
Magistrate No. 2008-7
Memorandum Opinion
Page 2

2008.  For the reasons stated below, the motion will be denied.

## I.  **FACTS**

A two-count complaint against Westerhausen and his two co-defendants (collectively referred to as the "Defendants") was filed on March 21, 2008.  Count One of the complaint alleges that the Defendants assaulted a sixteen-year-old female and a seventeen-year-old male, with intent to commit rape.  Count Two alleges that the Defendants committed simple assault on a sixteen-year-old female and a seventeen-year-old male.

On March 26, 2008, the Magistrate Judge conducted a hearing on the government's motion for pretrial detention.  Westerhausen was represented by counsel at the detention hearing.  The government presented no testimony at the hearing, but proffered the affidavit of a special agent of the Federal Bureau of Investigation.

Westerhausen presented the testimony of Jose Domingo-Perez ("Domingo-Perez").  Domingo-Perez testified that he is a United States citizen and a lifelong resident of Puerto Rico, where he runs a construction company.  Domingo-Perez further testified that Westerhausen is a cousin of his.[1]  Domingo-Perez also stated that while he had never met Westerhausen, he has known about his

---

[1] Specifically, Domingo-Perez testified that Westerhausen's mother is the granddaughter of Domingo-Perez's grandmother's brother.

*United States v. Kanawati, et al.*
Magistrate No. 2008-7
Memorandum Opinion
Page 3

relatives in El Salvador since he was young and that his son once visited those relatives. Domingo-Perez testified that Westerhausen could stay with him in Puerto Rico pending Westerhausen's trial and work at the construction company as a trainee. Domingo-Perez stated his willingness to ensure that Westerhausen would stay within the jurisdiction of the United States, either in the U.S. Virgin Islands or in Puerto Rico, and that he would post bond, if necessary.

The Magistrate Judge subsequently ordered Westerhausen to be detained pending trial. Westerhausen thereafter filed this timely motion for revocation or amendment of that order.

## II. DISCUSSION

### A. Standard of Review

Title 18, section 3145(b) of the United States Code ("Section 3145(b)") provides that a person who has been ordered to be detained pending trial by a magistrate judge may move for revocation or amendment of the detention order in the court with original jurisdiction over the matter. 18 U.S.C. § 3145(b) (1990). "When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585-86 (5th Cir. 1992); *cf.*

*United States v. Kanawati, et al.*
Magistrate No. 2008-7
Memorandum Opinion
Page 4

*United States v. Delker,* 757 F.2d 1390, 1394 (3d Cir. 1985) (holding that the Bail Reform Act, 18 U.S.C. § 3145(b), *et seq.,* contemplates *de novo* review by the district court of a magistrate's order for bail pending trial).  Under this standard, "a district court should not simply defer to the judgment of the magistrate. . . ." *United States v. Leon,* 766 F.2d 77, 80 (2nd Cir. 1985) (noting that a reviewing court "should fully reconsider a magistrate's denial of bail").

In conducting a *de novo* review of a magistrate judge's pretrial detention order, the court may rely on the evidence presented before the magistrate judge. *See United States v. Koenig,* 912 F.2d 1190, 1193 (9th Cir. 1990) ("[T]he district court is not required to start over in every case . . . ."); *United States v. Chagra*, 850 F. Supp. 354, 357 (W.D. Pa. 1994) (noting that the court may incorporate the records of the proceedings and the exhibits before the magistrate judge). Though not required to do so, the reviewing court may, in its discretion, choose to hold an evidentiary hearing if necessary or desirable to aid in the determination. *See Koenig,* 912 F.2d at 1193; *see also United States v. Lutz*, 207 F. Supp. 2d 1247 (D. Kan. 2002) ("*De novo* review does not require a *de novo* evidentiary hearing.").

*United States v. Kanawati, et al.*
Magistrate No. 2008-7
Memorandum Opinion
Page 5

**B.   Pretrial Detention Standard**

Pretrial detention of a criminal defendant will be ordered only if, after a hearing upon motion by the government, a "judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e) (2006).  The determination of whether any conditions of release can reasonably assure the defendant's appearance in court and the safety of others is based on the following four factors:

> (1) the nature and seriousness of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person and the community that would be posed by the person's release.

*United States v. Traitz,* 807 F.2d 322, 324 (3d Cir. 1986) (citing 18 U.S.C. § 3142(g) ("Section 3142(g)")); *see also United States v. Coleman*, 777 F.2d 888, 892 (3d Cir. 1985).[2]  To justify

---

   [2]   The sub-factors relevant to the consideration of a defendant's characteristics and history include:

   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence

*United States v. Kanawati, et al.*
Magistrate No. 2008-7
Memorandum Opinion
Page 6

pretrial detention, the government must establish risk of flight by a preponderance of the evidence, and dangerousness by clear and convincing evidence. *See United States v. Himler*, 797 F.2d 156, 160-61 (3d Cir. 1986); 18 U.S.C. § 3142(f); *Traitz,* 807 F.2d at 324. Risk of flight and danger to the community are "distinct statutory sources of authority to detain," and proof of one ground for detaining a defendant "is quite enough," making any discussion of the other ground "irrelevant." *United States v. Daniels*, 772 F.2d 382, 383 (7th Cir. 1985).

### III. ANALYSIS

In light of the factors to be considered in deciding whether to order pretrial detention, the Court has conducted a *de novo* review of the evidence presented at the March 26, 2008, hearing before the Magistrate Judge and in the parties' briefs.

Westerhausen is charged with assault with intent to commit rape and simple assault. Those crimes are punishable by up to ten years in prison and one year in prison, respectively. *See* 18 U.S.C. §§ 113(a)(2), 113(a)(5). The alleged victims in this matter are a minor male and a minor female. Based on this information, the Court finds that Westerhausen is charged with

---

for an offense under Federal, State, or local law . . . . 18 U.S.C. § 3142(g)(3).

*United States v. Kanawati, et al.*
Magistrate No. 2008-7
Memorandum Opinion
Page 7

serious crimes that weigh in favor of pretrial detention. *See*, *e.g.*, 18 U.S.C. § 3142(g) (stating that courts must consider "the nature and circumstances of the offense charged, including whether the offense . . . *involves a minor victim* . . . .") (emphasis supplied).

The Court must also consider the weight of the evidence that the government claims to have against Westerhausen. The government states that it has conducted interviews with security officers of the vessel on which the events alleged in the complaint occurred. The government also claims that it has reviewed video surveillance, audio recordings and written reports provided by those officers. The government further states that it has conducted interviews with Westerhausen and his co-defendants as well as with the minor victims. The record includes the affidavit of a special agent of the Federal Bureau of Investigation. That affidavit, which is based on the interviews and other evidence discussed above, describes in intimate detail the events alleged in the complaint. Taken as a whole, the Court finds that the weight of the evidence against Westerhausen is strong, and therefore favors pretrial detention. *See*, *e.g.*, *United States v. Barnett*, Crim. No. 03-243, 2003 U.S. Dist. LEXIS 16253, at *6 (N.D.N.Y. Sept. 17, 2003) (finding the weight of the evidence strong where, *inter alia*, "the

*United States v. Kanawati, et al.*
Magistrate No. 2008-7
Memorandum Opinion
Page 8

government's proof is bolstered by the testimony of cooperating witnesses . . . .").

The Court next considers Westerhausen's history and characteristics. The record reflects that Westerhausen is a citizen and resident not of the United States but of El Salvador. The record further reflects that Westerhausen's family, excluding at least one cousin, also resides in El Salvador. The fact that Westerhausen and his family reside in a foreign country, while not dispositive of the motion before the Court, certainly supports the conclusion that Westerhausen presents a flight risk. *See*, *e.g.*, *United States v. Townsend*, 897 F.2d 989, 996 (9th Cir. 1990) (finding that the defendants were properly detained as a serious flight risks where, *inter alia*, they did not reside or work in the United States); *United States v. Maull*, 773 F.2d 1479, 1488 (8th Cir. 1985) (detaining a defendant who, *inter alia*, had contacts with persons living abroad who could aid his flight); *United States v. Seif*, Crim. No. 01-0977, 2001 U.S. Dist. LEXIS 19302, at *3 (D. Ariz. Nov. 8, 2001) (finding that the defendant was a flight risk because, *inter alia*, he did not reside in the United States); *United States v. Minns*, 863 F. Supp. 360, 364 (N.D. Tex. 1994) (finding that the defendant was a flight risk where, *inter alia*, he had lived outside the United States for many years).

*United States v. Kanawati, et al.*
Magistrate No. 2008-7
Memorandum Opinion
Page 9

    Indeed, the record shows that Westerhausen is engaged in management and marketing studies in El Salvador and is employed by his father in that country. The record does not reflect that Westerhausen has any ties whatever to the Virgin Islands. Such a lack of ties to this jurisdiction further supports detaining Westerhausen. *See*, *e.g.*, *United States v. Kirkaldy*, No. 98-1680, 1999 U.S. App. LEXIS 10782, at *6-7 (2d Cir. May 26, 1999) (affirming the denial of a motion for revocation or amendment of a pretrial detention order where, *inter alia*, "the defendant has no ties to this country"); *Townsend*, 897 F.2d at 996 ("In the present case the defendants have no ties to the Western District of Washington."); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986) (affirming a pretrial detention order where the defendant "has no ties to the community"); *United States v. Ha*, Mag. No. 07-228, 2007 U.S. Dist. LEXIS 70580, at *2 (Sept. 24, 2007) (finding that the defendant was a flight risk where, *inter alia*, he "has no ties to the Sioux City community"); *United States v. Young*, Crim. No. 05-63, 2007 U.S. Dist. LEXIS 35524, at *5 (N.D. W. Va. May 15, 2007) (ordering pretrial detention where, *inter alia*, "[t]he defendant has no ties to West Virginia . . . .").

    Moreover, testimony at the hearing before the Magistrate Judge reflects that no extradition treaty currently exists

*United States v. Kanawati, et al.*
Magistrate No. 2008-7
Memorandum Opinion
Page 10

between the United States and El Salvador.  Consequently, if Westerhausen were to leave for El Salvador before his trial, the government would have no legal avenue by which to compel his return to the United States. *See*, *e.g.*, *United States v. Abboud*, 42 Fed. Appx. 784, 784 (6th Cir. 2002) (affirming a pretrial detention order and noting that "there is no extradition treaty with Lebanon"); *United States v. Zaghmot*, No. 00-1348, 2000 U.S. App. LEXIS 27936, *4 (10th Cir. Nov. 8, 2000); *United States v. Abdullahu*, 488 F. Supp. 2d 433, 443 (D.N.J. 2007) ("The inability to extradite defendant should he flee weighs in favor of detention.") (citing *United States v. Epstein*, 155 F. Supp.2d 323 (E.D. Pa. 2001)); *United States v. Jamal*, 326 F. Supp. 2d 1006, 1009 (D. Ariz. 2003) (ordering pretrial detention where "[t]he U.S. has no extradition treaty or agreement with Lebanon"); *United States v. Koubriti*, Crim. No. 01-80778, 2001 U.S. Dist. LEXIS 19823, at *20 (E.D. Mich. Oct. 16, 2001) (ordering pretrial detention and noting that "the United States has no extradition treaty with Morocco for the offenses for which the Defendants are charged").

    Finally, while Westerhausen presented testimony that a cousin in Puerto Rico would guarantee Westerhausen's presence at trial, the fact that Westerhausen and that cousin have never met undermines the potency of that guarantee.  Furthermore, while

*United States v. Kanawati, et al.*
Magistrate No. 2008-7
Memorandum Opinion
Page 11

Westerhausen's cousin testified that he could post a bond on Westerhausen's behalf, even if such a bond were posted, the other circumstances in this matter -- most notably, Westerhausen's overwhelming ties to a foreign country with no extradition treaty with the United States and Westerhausen's total lack of ties to the Virgin Islands -- outweigh whatever assurances of Westerhausen's appearance at trial a bond could provide. *See, e.g.*, *United States v. Namer*, No. 00-6427, 2000 U.S. App. LEXIS 33160, at *5 (6th Cir. Dec. 12, 2000) ("[T]he potential for [the defendant's] flight to and his family ties in a country with which extradition is not attainable . . . all weigh in support of detention.  We find no error in the district court's weighing of the evidence and the conclusion that no bond could be set that would reasonably assure the defendant's appearance.").

Based on the factors articulated in Section 3142(g), the Court finds that the government has met its burden of showing by a preponderance of the evidence that Westerhausen is a flight risk.  Because the government has shown that Westerhausen is a flight risk, the Court need not address Westerhausen's dangerousness.

## IV. CONCLUSION

For the foregoing reasons, the motion for revocation or amendment of the Magistrate Judge's pretrial detention order will

*United States v. Kanawati, et al.*
Magistrate No. 2008-7
Memorandum Opinion
Page 12

be denied.  An appropriate order follows.


                                        S_____
                                          **CURTIS V. GÓMEZ**
                                            **Chief Judge**




Copy:      Jason T. Cohen, AUSA
           Pamela L. Colon, Esq.
           George H. Hodge, Jr., Esq.
           Andrew L. Capdeville, Esq.